## Maxwell-Briscoe Chicago Company, Plaintiff in Error, v. Eugene J. McVoy, Defendant in Error.

### Gen. No. 15,624.

ACCORD AND SATISFACTION—*when not established*. *Held*, under the evidence in this case, that the accord and satisfaction relied upon was not established by the evidence.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 1, 1911.

FREDERICK W. STORY and J. W. MERRIAM, for plaintiffs in error.

JONES, ADDINGTON & AMES, for defendant in error; DAVID D. STANSBURY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff brought an action in the Municipal Court to recover for labor done and materials furnished in repairing an automobile of defendant. The defense interposed by the defendant was accord and satisfaction, and there was a finding and judgment for the defendant.

The only question presented for our decision is whether the evidence is sufficient to sustain the finding that there was an accord and satisfaction. The plaintiff presented to the defendant four bills of items of work done and materials furnished, called invoices by the parties, for $12.62, $53.95, $106.70 and $25.35, respectively. The defendant claimed a credit of $18.50 on the first two invoices, and for the amount of those invoices remaining after deducting such credit, $48.-07, sent his check to plaintiff, which was accepted. This action was brought to recover $121.50, the amount of the last two invoices after deducting credit items amounting to $10.55. The contention of defendant on the trial was that

the articles specified in the last two invoices were furnished to the plaintiff by Nordyke Marmon Company on the order of the defendant; and the contention of the plaintiff was that said articles were purchased by the plaintiff from the Nordyke Marmon Company.   The bookkeeper of the plaintiff testified that said items were credited to the Nordyke Marmon Company on the books of the plaintiff, and defendant's counsel admitted that plaintiff would produce a witness who would testify that said articles did go on defendant's car.

December 7, 1907, defendant wrote Mr. Frederick W. Story as follows:

"Dear Sir:   Answering your letter of the 2nd inst., have had this matter up with the Marmon people, and they wrote me a letter which gave me to understand that they are willing to compromise the matter.   They ask me to make them an offer, etc., and they will try to meet my views.   The letter which I received from them in reply is so entirely different that I hardly know what to make of it.

As regards Maxwell-Briscoe people, I will send you a check on Monday in full payment of all the just claims they have against me, which you of course can either accept or decline, as you see fit.   As regards the other portion of the bill, as I am not a mechanic, and am not aware of just how things should be, am going to refer this matter to expert mechanics and have them say whether I am liable or not for these pieces.   If they say that I am, I, of course, will send check in full, and it makes no difference whether it is Maxwell or Marmon.   If on the contrary they advise me that the parts are defective or any portion of them, it is my intention to refuse to pay for that portion, and let a jury decide whether it is a hold-up game or not.   All I want in this matter is a square deal.   If I am wrong in my contention I will pay up cheerfully.   If your clients are not willing to do the square thing, and the experts tell me they are responsible, I certainly will put up the strongest fight, and take my chance on the jury giving me a square deal.   It will probably be ten days' time before I can give you a positive answer on this. If I am in the wrong, will send you a check without any further talk about it.   If not, I will notify you to that effect,

and will have you put it up to your clients as to whether they will want an expensive law proceeding or compromise the matter. I certainly feel as though I am being 'held up' and at the same time I recognize the fact, that not being an expert mechanic, am not competent to make a final decision on the matter myself, will let you hear from me as quickly as possible as to what my final decision in the matter will be."

December 9, 1907, defendant sent to Mr. Story this letter:

"12/9/07.

Maxwell Briscoe Chase Co.,
    1409 Michigan Ave.,
        Per F. W. Story, Atty., Atwood Bldg.
    Gentlemen: Enclosed please find check in full payment as follows:
Invoice.

CASH DISCOUNT.

Invoice. In full pay't for your a/c against me.
Aug. Sept. Invs. ....................         $12.62
Cr. Mem. .......................... $18.50    53.95
Check enclosed .....................  48.07

                                  $66.57 $66.57

Please acknowledge receipt and oblige,
                          Yours truly,
                          John McVoy & Co.
    As per my letter 12/7/07 to be in full settlement your claim, the Nordyke M. Co. to be adjusted later."

In the letter was enclosed check as follows:

"Chicago, Dec. 9, 1907.
    Pay to the order of F. W. Story, Atty., $48.07, Forty-eight 07/100 Dollars.
                          McVoy Sheet and Tin Plate Co.,
                                  E. J. McVoy.
To the Bankers National Bank,
        Chicago, Ill.
    In full payment of invoices as per memoranda below.
                          Maxwell, Briscoe Chase Co. acct."

This check was endorsed by the payee and paid January 17, 1908.

The words in the check "In full payment of invoices as per memoranda below," refer to the invoices mentioned in the letter sent with the check. The words in the letter of December 7th, "As regards Maxwell Briscoe people, I will send you a check on Monday in full payment of all the just claims they have against me, which you of course can either accept or decline as you see fit," are to be taken in connection with the letter of December 9th and the check of that date in determining what was the offer thereby made to the plaintiff. The letter of December 9th in terms states that the check is sent in full payment of the two invoices of $12.62 and $53.95, "the Nordyke M. Co. to be adjusted later," and the check in effect states that it is sent in full of those two invoices. We think that the check was offered in settlement of only the two invoices mentioned in defendant's letter of December 9th, that the acceptance of the check by the plaintiff only operated as a bar to an action for the items specified in those invoices, and that plaintiff's right of action, if any it had, for the items specified in the other two invoices was not barred or affected by the acceptance of the check.

In April, 1908, the Nordyke Marmon Co. brought an action against defendant to recover a balance claimed of $128.-97 for automobile fixtures furnished. April 28, 1908, the plaintiff in that case gave to the defendant a receipt for $71.50 in full payment of claim for such materials, which receipt was put in evidence by the defendant in this case.

If the materials specified in the last two invoices were sold by the Nordyke Marmon Co. to the defendant and by his order delivered to the plaintiff, then the right of action for the price or value of such materials was in the Nordyke Marmon Co. and not in the plaintiff. If such materials were sold by the Nordyke Marmon Co. to the plaintiff and by the plaintiff used in repairing defendant's car at his request, then plaintiff's right of action for their price or value could not be affected by any payment therefor made by de-

fendant to the Nordyke Marmon Co. We find in the record no evidence sufficient to support a finding that the plaintiff was barred of its right of action, if any it had, for the price or value of the articles mentioned in the last two invoices by the payment by the defendant of the claim of the Nordyke Marmon Co. against him.

We think that the finding and judgment for the defendant is so manifestly against the evidence that for that reason the judgment must be reversed and the cause remanded.

*Reversed and remanded.*